NOT DESIGNATED FOR PUBLICATION

No. 125,454

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of A.S.,
a Minor Child.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER, judge. Opinion filed February 17, 2023. Appeal dismissed.

*Jordan E. Kieffer*, of Jordan Kieffer, P.A., of Bel Aire, for appellant natural mother.

*Kristi D. Allen*, assistant district attorney, and *Marc Bennett*, district attorney, for appellee.

Before SCHROEDER, P.J., WARNER and CLINE, JJ.

PER CURIAM: A.A. (Mother) appeals the district court's order granting temporary custody of her child, A.S. (born in 2016), to the Kansas Department for Children and Families (DCF), challenging the sufficiency of the evidence supporting the district court's findings regarding medical child abuse. However, after Mother filed this appeal, the district court, given its continuing jurisdiction, adjudicated A.S. and his two half-siblings as children in need of care and issued disposition orders placing A.S. and his siblings in the custody of DCF. This appeal is moot. We dismiss.

FACTS

On November 30, 2021, DCF filed an application for a child in need of care (CINC) petition for five-year-old A.S. The State, in its CINC petition filed the same day,

asked for emergency removal of the child from the parental home, claiming Mother's behaviors indicated she was suffering from "Munchausen by Proxy" or "Caregiver Fabricated Illness" and A.S. was at risk for physical or mental harm if not immediately removed. The specific facts of this case are fully set out in an opinion by another panel of this court in *In re K.R.*, No. 125,054, 2022 WL 4588399, at *1-3 (Kan. App. 2022) (unpublished opinion), *rev. denied* February 8, 2023. The opinion reflects Mother was seeking unnecessary medical care for A.S., which amounted to medical child abuse. 2022 WL 4588399, at *2.

The district court entered an ex parte order for protective custody, finding probable cause to believe the allegations in the State's CINC petition were true. The ex parte order placed A.S. in the temporary custody of DCF. The matter was set for an evidentiary hearing on the temporary custody order. Mother appeared with appointed counsel and immediately asked the district court to dismiss her counsel. The matter was continued at Mother's request and set for another evidentiary hearing to consider the temporary custody placement of A.S. Mother did not hire an attorney and elected to represent herself at the next temporary custody hearing. After hearing all of the evidence, including Mother's Exhibit A—a collection of letters and emails—the district court found there was probable cause pursuant to K.S.A. 38-2243(f) to believe that A.S.'s health or welfare was endangered without further care. The district court also found probable cause existed pursuant to K.S.A. 38-2243(i) to believe that A.S.'s immediate placement with DCF was in his best interests and an emergency existed which threatened his safety.

Mother filed a motion to reconsider, but it was denied. Mother next filed a notice of appeal of the district court's temporary custody order. While the appeal was pending, the State proceeded with the CINC proceedings and, after an evidentiary hearing in February 2022, the district court determined A.S. and his two half-siblings to be children in need of care. Mother filed a timely appeal from the district court's adjudication of each child, and the district court appointed her appellate counsel in March 2022.

Another panel of this court reviewed Mother's appeal from the district court's CINC determinations in September 2022 and affirmed those orders. *In re K.R.*, 2022 WL 4588399, at *4.

Later, the district court realized Mother had appealed the temporary custody order and entered another order appointing Mother appellate counsel in July 2022 for this appeal.

ANALYSIS

*Mother's Appeal Is Moot*

Mother claims that the district court lacked sufficient evidence to support its temporary custody order because the State did not have probable cause under K.S.A. 38-2243(f) and (i). The State correctly responds this issue is moot because the temporary order is no longer in place since the district court adjudicated A.S. a CINC and entered a disposition placement order.

"A case is moot when a justiciable controversy no longer exists. 'A justiciable controversy has definite and concrete issues between the parties and "adverse legal interests that are immediate, real, and amenable to conclusive relief."' [Citations omitted.]" *In re A.E.S.*, 48 Kan. App. 2d 761, 764, 298 P.3d 386 (2013). Kansas courts generally do not decide moot questions or render advisory opinions. 48 Kan. App. 2d at 764.

Mother concedes that a CINC adjudication generally renders an appeal of a temporary custody order moot. However, the mootness doctrine is not jurisdictional, so it is subject to exceptions. Mother now claims because the appeal was not timely prosecuted, an exception to the mootness doctrine exists. The State responds correctly

3

that even though Mother filed a timely appeal from the district court's temporary custody order, the district court retained "jurisdiction over all issues not specifically appealed and shall conduct timely permanency hearings." K.S.A. 38-2273(f). The case would have proceeded to adjudication proceedings regardless of the filing of this appeal or the timeliness of the district court's appointment of appellate counsel.

Another panel of our court considered a similar procedural claim regarding mootness in *In re A.E.S.* There, as here, the district court entered an order of adjudication and disposition while an appeal of the district court's temporary custody order was pending review in this court. The *A.E.S.* panel held the adjudication and disposition orders rendered the appeal moot and thus declined to consider any argument regarding the sufficiency of the evidence supporting the temporary order. The panel explained that "[a]ny further consideration of such issues would be case specific and would not implicate any exception to the mootness doctrine. Such consideration would simply result in an advisory opinion which we decline to render." 48 Kan. App. 2d at 766. Here, Mother limits her challenge on appeal to the sufficiency of the evidence to support the temporary custody order.

Other panels of this court have also applied the holding in *In re A.E.S.* to appeals from temporary custody orders. See, e.g., *In re D.H.*, No. 123,461, 2021 WL 2386071, at *6 (Kan. App. 2021) (unpublished opinion) (declining to address moot appeal which challenged sufficiency of evidence supporting temporary custody order); *In re N.M.*, No. 118,652, 2018 WL 2749803, at *3 (Kan. App. 2018) (unpublished opinion) (same). We find the reasoning of the other panels of this court is sound and dismiss Mother's appeal as moot.

Appeal dismissed.

4